**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREGORY STEPHENS, | |
| Petitioner, | CIVIL ACTION: 3:07-CV-0412 |
| v. | (JUDGE CAPUTO) |
| WARDEN JAMES T. WYNDER, et. al. | (MAGISTRATE JUDGE BLEWITT) |
| Respondents. | |

**MEMORANDUM**

Presently before the Court are Magistrate Judge Blewitt's Report and Recommendation of February 27, 2008 (Doc. 26) and Petitioner Gregory Stephen's Objections to the Magistrate Judge's Report and Recommendation.  (Doc. 27.) Magistrate Judge Blewitt recommended that Petitioner's Petition for Writ of Habeas Corpus be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1(A).  Magistrate Judge Blewitt has also recommended that Petitioner's Motion for Appointment of Counsel filed be dismissed as moot.  (Doc. 13.)  For the reasons set forth below, the Court will adopt the Magistrate Judge's Report and Recommendation, and dismiss the Petition for a Writ of Habeas Corpus (Doc. 1) as untimely, and dismiss the Petitioner's motion for appointment of counsel as moot.  (Doc. 13.)  The Court will also dismiss Petitioner's motion for mental health records as moot, as the Court has received Petitioner's mental health records from Deputy Attorney General Patrick S. Cawley for *in camera* review. (Doc. 14.)

**BACKGROUND**

Following a jury trial, Petitioner Stephens was found guilty of second-degree murder and sentenced to life imprisonment.  Petitioner filed a collateral appeal, which was denied by the Court of Common Pleas on October 31, 1988.  On direct appeal September 21, 1989, the Pennsylvania Superior Court affirmed the CCP's denial of Petitioner's PCHA conviction.  (Doc. 7 Ex. 2.)  A Petition for Allowance of Appeal regarding the denial of his PCHA Petition filed with the Pennsylvania Supreme Court was denied on May 8, 1990.  (Doc. 1 at 7.)  For over fourteen (14) years, Petitioner filed no more appeals regarding his second degree murder conviction and life sentence.  On September 16, 2004, Petitioner filed a second collateral appeal by way of a PCRA Petition with the CCP.  (Doc. 7 Ex. 4.)  On October 3, 2004 the Court of Common Pleas appointed counsel with respect to the PCRA Petition, and his counsel subsequently filed a no merit letter with the court.  (Doc. 1 at 7.)

On March 25, 2005 the Commonwealth responded to Petitioner's PCRA Petition and argued Petitioner was ineligible for relief because his Petition was untimely.  (Doc. 7 Ex. 5.)  Petitioner appealed this judgment and on October 6, 2005, the Pennsylvania Superior Court affirmed the dismissal of his PCRA Petition by the Court of Common Pleas. (Doc 1 at 7.)  On May 1, 2006, the Pennsylvania Supreme Court denied a Petition for Allowance of Appeal.  (Doc. 1 at 8.)  Petitioner filed the instant federal habeas petition with the Eastern District of Pennsylvania on January 23, 2007, and with the Middle District of Pennsylvania on March 5, 2007.  These actions were consolidated by the Court's Order on November 21, 2007.  (Doc. 12.)

On April 11, 2007, Petitioner filed a motion to appoint counsel.  (Doc. 13.)  On May

1, 2007, Magistrate Judge Blewitt filed a Report and Recommendation (Doc. 8) recommending that the Petition be dismissed as untimely.  On November 21, 2007, the Court recommitted the case to Magistrate Judge Blewitt to consider Petitioner's mental health records to determine whether Petitioner's Petition was subject to equitable tolling. (Doc. 12.)  On December 5, 2007, Petitioner submitted a motion for mental health records.  (Doc. 14.)  The present Report and Recommendation was entered by Magistrate Judge Blewitt on February 27, 2008.  (Doc. 26.)  Petitioner Gregory Stephens timely filed Objections to the Magistrate Judge's Report and Recommendation on March 6, 2008.  (Doc. 27.)  No response to these Objections has been filed.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined

by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

### I.   The Petition for Writ of Habeas Corpus[1]

Petitioner challenges his 1983 second-degree murder conviction in the Dauphin County Court of Common Pleas ("CCP") on the following grounds: (1) insufficient evidence to prove guilt beyond a reasonable doubt; and (2) ineffective assistance of counsel in that counsel failed to raise a claim of constitutional violations of a right to a fair and impartial jury.  Petitioner contends that the Commonwealth used improper jury practices by discriminating against African-American jurors in its exercise of peremptory jury challenges during *voir dire*.  As to the first count, Petitioner states that as he was only charged with murder generally, and not charged with any felony, therefore, the jury could not have returned a verdict of second-degree murder, *i.e.,* felony murder.  Therefore, Petitioner claims he is actually innocent of second-degree murder.  As to the second count, Petitioner claims that he was denied his Sixth Amendment right to a fair and impartial jury when the Commonwealth used its peremptory challenges to strike six (6) of only seven (7) potential African-American jurors on his jury panel solely based on their race, thus leaving only one African-American juror, including alternates.  Because his trial and appellate counsel failed to object at trial, and failed to raise this claim on appeal,

---

[1] This discussion was previously included in the Court's November 21, 2007 Order. (Doc. 12.)

Petitioner asserts the he had ineffective assistance of counsel.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which modified the procedures for habeas corpus proceedings in federal court.  AEDPA, Pub. L. No. 104-132, 110 Stat. 1214.  The habeas corpus amendments impose one-year statute of limitations for Section 2254 habeas petitions.  28 U.S.C. § 2244(d)(1).  The one-year statute of limitations begins to run according to one of the four potential starting points.  The relevant starting point in this case, 28 U.S.C. § 2244(d) provides in part: "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. §2244(d)(1)(A); *see also Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998); *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003).

Review of the habeas petition reveals that on July 19, 1985, the Pennsylvania Superior Court affirmed the Petitioner's conviction. (Doc. 1 at 5, 6.)  A Petition for Allowance of Appeal to the Pennsylvania Supreme Court was denied on May 20, 1986. (*Id.*)  Petitioner did not file a Petition for Writ of *Certiorari* with the United States Supreme Court.  (*Id.* at 6.)  Petitioner filed a collateral appeal with the Dauphin County Court of Common Pleas ("CCP") through a Post Conviction Hearing Act ("PCHA") Petition, which was denied on October 31, 1988. (Doc. 1 at 7.)  The Pennsylvania Supreme Court affirmed the CCP's denial of Petitioner's PCHA Petition.  (Doc. 1 at 7.)  The record reveals that for over fourteen (14) years Petitioner filed no more appeals regarding the second-degree murder conviction and life sentence until September 16, 2004.

Accordingly, Petitioner's judgment of conviction became final ninety (90) days after

5

the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal with respect to this direct appeal of his conviction, on or about August 20, 1986.  As this final conviction date was prior to the enactment of the AEDPA, the applicable starting date for the statute of limitations is the date that the AEDPA became effective, on April 23, 2006. Petitioner was required to file his federal habeas petition within the one year grace period beginning on that date; therefore, his petition must have been filed on or before April 23, 1997.  *See* 28 U.S.C. § 2244(d)(1).  Petitioner had no properly filed state court appeals, direct or collateral, pending at any time between April 23, 1996 and April 23, 1997. Petitioner first filed his petition on January 23, 2007; this date is almost ten years after the AEDPA's statute of limitations expired.  Accordingly, Petitioner has missed the deadline to file this petition.

### II.     Equitable Tolling

Habeas petitions are subject to equitable tolling of the statute of limitations in some circumstances.  If Petitioner can show some reason for his neglect to file on time, the instant petition may not be untimely.  In the Court's November 21, 2007 Order, the Court recommitted the case to Magistrate Judge Blewitt to consider Petitioner's mental health records for purposes of determining whether the statute of limitations should be equitably tolled.  (Doc. 12.)  A copy of the mental health records were submitted to the Court, which were considered *in camera.*

Equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."  *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir.1998) (quoting *Kocian v. Getty Refining & Mktg. Co.*, 707 F.2d 748, 753 (3d Cir.1983)).  The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing the claims;

6

mere excusable neglect is not sufficient." *Miller,* 145 F.3d at 618-19; *Jones,* 195 F.3d at 159.

Mental incompetence is not *per se* a reason to toll the statute of limitations. *Nara v. Frank*, 264 F.3d 310, 317 (3d Cir. 2001), *overruled in part on other grounds by Carey v. Saffold*, 537 U.S. 214 (2002). However, if a person's mental deficiency actually affects his or her ability to timely file a habeas petition, it may constitute extraordinary circumstances sufficient to toll the statute of limitations. *Id*. But "the general federal rule is that a statute of limitations is tolled by reason of mental illness 'if the illness in fact prevents the sufferer from managing his affairs and from understanding his legal rights and acting upon them.' " *Graham v. Kyler*, No. Civ. A. 01-1997, 2002 WL 32149019, at *3 (E.D. Pa. Oct. 31, 2002) (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir.1996)). In *Graham*, the court found that the focus of this determination is "not a lack of information, which has been held insufficient to warrant equitable tolling, *see Cortez v. Saffle*, 2001 WL 276967, at *1 (10th Cir. Mar. 21, 2001), but rather, the irremediable inability to access information and make use of it." *Id.*

Equitable tolling may be available if it is demonstrated that the petitioner is unable to pursue his legal rights, "provided there is a nexus between the petitioner's mental incompetence and [his] inability to file a timely petition." *United States v. Harris*, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003). "[A] mental condition that burdens but does not prevent a prisoner from filing a timely petition does not constitute 'extraordinary circumstances' justifying equitable tolling." *Id.* (holding that although the petitioner had presented an expert opinion that her mental condition during the relevant time period burdened her efforts to file her habeas petition, there was no evidence that she was mentally incompetent in the sense that her circumstances prevented her from filing a timely petition, and she therefore had not made the threshold showing for equitable

tolling).

Numerous district courts in the Third Circuit have held that depression is a normal part of prison life, and therefore does not warrant equitable tolling of the statute of limitations.  *See Graham,* 2002 WL 32149019, at *3; *Boyd v. Gillis*, 2004 WL 2397296, at *3 (E.D. Pa. Oct. 25, 2004) ("Depression has been found to be a common fact of prison life and is, without more, insufficient to justify equitable tolling."); *Wilson v. Stickman*, Nos. Civ. A. 03-699, 03-953, 2005 WL 1712385, at *2 (E.D. Pa. July 21, 2005) (holding that depression is an insufficient basis for tolling).  Other circuits have similarly held that depression alone is not enough to equitably toll the statute of limitations.  *See Martin v. Ayers*, 41 Fed. App'x 972, 973 (9th Cir. 2002) ("[D]epression - even severe depression - is a normal incident of prison life.  It is not an extraordinary circumstance that warrants equitable tolling."); *Nowak v. Yukins*, 46 Fed. App'x 257 (6th Cir. 2002) (unpublished) (holding that although the petitioner suffered significant depression, she was not so incompetent as to warrant equitable tolling).

Petitioner Gregory Stephens argues in his Objections that his condition was such that it constitutes extraordinary circumstances, because his of the effect the "prescribed anti-depressant drugs had on his ability to function as an [sic] normal cognizable human being."  (Doc. 27 at 4.)   Petitioner Stephens further argues that the drugs caused him to "forsake all human basic needs other than sleeping his life away while doped up daily as apart [sic] of his treatment during his incarceration."  (Doc. 27 at 4.)  However, these arguments are not supported by the Petitioner's medical records, as detailed in Magistrate Judge Blewitt's Report and Recommendation.  Magistrate Judge Blewitt thoroughly considered Petitioner's medical records for each month in the years at issue.  Although Petitioner was seen by a psychiatrist during the relevant time period, this alone does not demonstrate that the Petitioner's depression rendered him unable to file a

8

Petition for a Writ of Habeas Corpus.  Nor does the fact that Petitioner was treated with prescription drugs require equitable tolling.  Furthermore, although Petitioner was hospitalized at some points during the relevant time period, these hospitalizations were sporadic in nature, and not continuous.

The Petitioner's medical reports demonstrate that the Petitioner did not suffer from the debilitating type of depression that would be required to toll the statute of limitations.  Rather, he was found to be rational and coherent during his psychiatric treatment in his July 1997 review.  The doctor found that he was oriented to person, place, and date, and that his judgment appeared adequate.  Similar findings were made in October 1997, November 1997, January 1998, August 1998, September 1998, October 1998, April 1999, June 1999, September 1999, January 2000, July 2000, September 2000, November 2000, and December 2000, as noted by Magistrate Judge Blewitt in his Report and Recommendation.  Magistrate Judge Blewitt correctly noted that there were no significant changes with respect to the Petitioner's mental condition through 2001 and 2002.  In 2003, the Petitioner was reported to feeling "alright", "OK", and "fine," according to his health records from February, March, April, May, June, September, and November.

Although Petitioner was suffering from depression, the level of his depression noted in his medical records does not reach the level of "extraordinary circumstances" required to toll the statute of limitations.  During the period between 1996 and 2004, Petitioner was not incapable of filing a petition.  The doctors found that he had adequate judgment, and that he was rational and coherent.  Based upon the totality of circumstances, the Court agrees with Magistrate Judge Blewitt's assessment of Petitioner's mental health, and that his depression did not affect his ability to timely file a habeas petition with the Court.  Based upon the review of Petitioner's mental health records, the statute of limitations should not be equitably tolled, and Petitioner's Petition

will be deemed untimely.

## CONCLUSION

Therefore, the Court will adopt the Magistrate Judge's Report and Recommendation (Doc. 26), overrule the Petitioner's Objections (Doc. 27), and dismiss the Petition for a Writ of Habeas Corpus (Doc. 1) as untimely.  The Court will also dismiss the Petitioner's motion for appointment of counsel as moot.  (Doc. 13.)  Finally, the Court will dismiss Petitioner's motion for mental health records as moot, as the Court has received Petitioner's mental health records from Deputy Attorney General Patrick S. Cawley for *in camera* review.  (Doc. 14.)

An appropriate Order follows.


March 31, 2008                              /s/ A. Richard Caputo
Date                                        A. Richard Caputo
                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREGORY STEPHENS, | |
| Petitioner, | CIVIL ACTION: 3:07-CV-0412 |
| v. | (JUDGE CAPUTO) |
| WARDEN JAMES T. WYNDER, et. al. | (MAGISTRATE JUDGE BLEWITT) |
| Respondents. | |

**ORDER**

**NOW**, this  31st  day of March, 2008, upon review of Magistrate Judge Blewitt's Report and Recommendation (Doc. 26), **IT IS HEREBY ORDERED** that:

(1) Magistrate Judge's Report and Recommendation (Doc. 26) is **ADOPTED** and Petitioner's Objections (Doc. 27) are **OVERRULED**.  Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** (Doc. 1) as untimely.

(2) Petitioner's motion for appointment of counsel is **DISMISSED** as moot. (Doc. 13.)

(3) Petitioner's motion for mental health records is **DISMISSED** as moot. (Doc. 14.)

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge