UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY STEPHENS, | : |
| Petitioner | : CIVIL ACTION NO. 3:07-00412 |
| v. | : (JUDGE MANNION) |
| WARDEN JAMES T. WYNDER, *et al.*, | : |
| | : |
| Respondents | |

**MEMORANDUM**

Before the court is *pro se* petitioner Gregory Stephens's Motion to Alter or Amend Judgement in Accordance with Rule 60(b)(6). (Doc. 38). For the following reasons, the petitioner's motion will be DENIED.

**I. Background**[1]

The petitioner is an inmate incarcerated at the State Correctional Institution at Dallas, Dallas, Pennsylvania. His instant motion relates to two petitions for writ of habeas corpus pursuant to 28 U.S.C. §2254, which the petitioner filed in federal court in 2007. (Doc. 1). His habeas petitions

---

[1] Since the background of this case is stated in the previous filings of Judge Caputo and Magistrate Judge Blewitt, it is not fully repeated herein. See, e.g., Docs. 8, 26, 28).

1

challenged his 1983 Dauphin County Court of Common Pleas second-degree murder conviction and asserted among other claims, that he is actually innocent of second-degree murder, *i.e.*, felony murder, as he was not charged with engaging in any felony relating to the victim's death. *Id*. at 13.

On March 31, 2008, Judge Caputo adopted the report and recommendation of Magistrate Judge Blewitt, (Doc. 26), dismissing the petitioner's habeas petitions as untimely pursuant to the one-year statute of limitations under 28 U.S.C. §2244(d)(1)(A). (Doc. 28).

On May 10, 2010, the petitioner appealed the court's March 31, 2008 judgment, which the Third Circuit Court of Appeals later dismissed for lack of appellate jurisdiction as untimely filed. (Docs. 34, 37 ).

Over ten years later, on July 16, 2021, the petitioner filed the instant motion to alter or amend judgment pursuant to Rule 60(b)(6), claiming that an intervening change in the law and his actual innocence warrant the re-opening of his original §2254 habeas petitions. (Doc. 38). Respondents did not file an opposition to the petitioner's motion. As the respondents have

2

not filed a brief in opposition within the period in which they may do so,[2] the motion is ripe for the court's review.

## II. **Standard of Review**

Petitioner moves pursuant to Federal Rule of Civil Procedure 60(b). This Rule allows a "court to relieve a party or its legal representative from a final judgment, order, or proceeding" to correct "mistake, inadvertence, surprise, or excusable neglect." See Fed.R.Civ.P. 60(b). Rule 60(b), however, is not a substitute for appeal and generally a mistake of law is insufficient ground to alter judgment. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988); *Page v. Schweiker*, 786 F.2d 150, 154-55 (3d Cir. 1986). The court must look to the substance of the motion and not necessarily the cited rule to determine the applicable rule and standard of review. *Id*.

"The grant or denial of a Rule 60(b)(6) motion is an equitable matter left, in the first instance, to the discretion of a district court." Cox v. Horn,

---

[2] Pursuant to the Local Rules, "[a]ny party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule shall be deemed not to oppose such motion." See M.D.Pa. L.R. 7.6.

3

757 F.3d 113, 124 (3d. Cir. 2014). "The general purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002) (alterations and internal quotations marks omitted). "Importantly, the movant in a Rule 60(b) motion carries a heavy burden, as Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Kiburz v. Sec'y, U.S. Dep't of the Navy, 446 Fed. Appx. 434, 436 (3d Cir. 2011) (citation omitted).

### III.  Discussion

Petitioner requests this court re-open his original §2254 habeas petitions pursuant to Rule 60(b)(6), claiming intervening changes in the law and his actual innocence warrant relief under the Rule. (Doc. 38 at 16). He also requests an evidentiary hearing, arguing that the claims in his original habeas petition "were not fully developed within the record." *See id*.

Federal Rule of Civil Procedure 60(b)(6) provides that a "court may relieve a party…from a final judgment, order, or proceeding" for "any other reason that justifies relief." See Fed.R.Civ.P. 60(b)(6). A motion under Rule

4

60(b)(6) must be filed within a 'reasonable time.'" See *Williams v. City of Erie Police Dept.*, 639 Fed.Appx. 895, 898 (3d Cir. 2016) (*quoting* Fed.R.Civ.P. 60(c)(1)). Further, "[a] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." See *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005) (citations omitted) (alterations added). "Such circumstances will rarely occur in the habeas context." *See id*.

### a. The court has jurisdiction over petitioner's Rule 60(b)(6) motion

As a threshold matter, this court must first consider whether the petitioner's instant motion is essentially a second or successive habeas petition, as this court will only have jurisdiction over the motion if it is a true Rule 60(b) motion and not an attempt to "circumvent the gatekeeping function of §2244." See *Robinson v. Johnson*, 313 F.3d 128, 140 (3d Cir. 2002). That is because the AEDPA, as codified in 28 U.S.C. §2244(b), requires a state prisoner to obtain leave from the appropriate court of appeals before filing with the district court a second or successive habeas petition. 28 U.S.C. §2244(b)(3)(A); *see e.g., Magwood v. Patterson,* 561

U.S. 320, 330-31 (2010); *Pridgen v. Shannon,* 380 F.3d 721, 724 (3d Cir. 2004). The petitioner has not obtained such authorization here.

A Rule 60(b) motion that asserts a new claim is a successive petition. *Gonzalez,* 545 U.S. 530-2. A "claim," for the purpose of §2244(b), is "an asserted federal basis for relief from a state court's judgment of conviction." *See id*. While a Rule 60(b) motion constitutes a second or successive habeas petition "if it attacks the federal court's previous resolution of a claim on the merits," that is not the case when it attacks "some defect in the integrity of the federal habeas proceedings." *See id.* at 532 (citations omitted). Accordingly, a Rule 60(b) motion which challenges "a district court's failure to reach the merits of a petition based on the statute of limitations does *not* constitute a second or successive habeas petition." *See United States v. Andrews,* 463 F. App'x 169, 171–72 (3d Cir.2012) (non-precedential) (emphasis in original) (citations omitted).

Here, the petitioner's motion expressly challenges the court's previous dismissal of his habeas petitions as untimely. Specifically, the petitioner asserts he is actually innocent and, as such, the actual innocence exception to the AEDPA's one-year statute of limitations, as set forth in

6

*McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013), applies.[3] We observe that the petitioner's original habeas petitions asserted an actual innocence claim, but petitioner now presents the same claim as grounds to overcome the relevant statute of limitations. Because petitioner's motion challenges the procedural deficiency of his original habeas petitions as opposed to their merits and his previous habeas filings were not decided on the merits, his Rule 60(b) motion is properly filed. *See Pridgen*, 380 F.3d at 724 (affirming Rule 60(b) motion as "properly filed" where it "attack[ed] the habeas proceeding, rather than [the] underlying state conviction")*; Parham v. Klem,* 496 F. App'x 181 (3d Cir. 2012) (non-precedential) (petitioner's Rule 60(b) motion did not constitute a second or successive habeas petition where it challenged the dismissal of original petition by asserting a claim of actual innocence to equitably toll the AEDPA's statute of limitations); *Riley v. Myers*, No. 3:00–CV–1183, 2014 WL 1745874 (M.D.Pa. May 1, 2014) (exercising jurisdiction over the petitioner's Rule 60(b) motion where

---

[3] As the petitioner proceeds *pro se*, the court is to liberally construe his pleadings. *See, e.g., Higgs v. Att'y Gen.,* 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.")

7

petitioner raised an actual innocence claim previously asserted in his original habeas filing but was not decided on the merits).

**b. No extraordinary circumstance exists to justify Rule 60(b)(6) relief**

As the court has jurisdiction over the petitioner's Rule 60(b) motion, we now consider petitioner's argument that McQuiggin v. Perkins, 569 U.S. 383 (2013) reflects an intervening change in the law which, along with petitioner's claim of actual innocence, constitute an extraordinary circumstance to justify granting Rule 60(b)(6) relief. Although we recognize that the *McQuiggin* ruling created an intervening change in the law, we find that no extraordinary circumstance exists here.

The Supreme Court in *McQuiggin* established that a proper showing of actual innocence enables habeas petitioners to overcome procedurally defaulted claims under the AEDPA's one-year statute of limitations. McQuiggin, 569 U.S. at 383-4. In *McQuiggin*, the Supreme Court explained that "to prevent a fundamental miscarriage of justice, an untimely petition is not barred when a petitioner makes a credible showing of actual innocence, which provides a gateway to federal review of the petitioner's otherwise procedurally barred claim of a constitutional violation." *See*

8

*Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018) (*quoting McQuiggin*, 569 U.S. at 383) (quotations omitted). Significantly, the "actual innocence" exception applies only to a "severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." *See McQuiggin, 569 U.S. at 384* (*quoting Schlup v. Delo*, 513 U.S. 298, 329 (2013)) (quotations omitted). The Third Circuit has since acknowledged that the *McQuiggin* ruling effected a change in this circuit's decisional law and may serve as an extraordinary circumstance warranting Rule 60(b) relief. *See Satterfield v. District Attorney Philadelphia*, 872 F.3d 152 (3d Cir. 2017).

In determining whether a particular change in law serves as an extraordinary circumstance to justify Rule 60(b)(6) relief, courts in this circuit apply a "flexible, multifactor approach." *See Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 295, 296 (3d Cir. 2021). The Third Circuit has set forth a number of factors a district court should consider under this approach. Among these factors are: whether the intervening change in law concerns a "constitutional rule or right for criminal defendants," "the merits of a petitioner's underlying…claim," "[p]rinciples of finality and comity," the "movant's diligence in pursuing review," and where

9

appropriate, "the imperative of correcting a fundamentally unjust incarceration." See Bracey, 986 F.3d at 295-96 (quoting Cox, 757 F.3d at 122-26; Satterfield, 872 F.3d at 162). The district court certainly "need not provide a remedy under 60(b)(6) for claims of dubious merit," but it is important for the court to assess the merits in cases where "the merits of the [underlying] claim were never considered prior to judgment." See id. at 124-25 (citing Lansky v. Continental Products Corp., 804 F.2d 250, 256 n.10 (3d Cir. 1986)).

  The above-cited factors, however, do not weigh in favor of granting the petitioner relief under Rule 60(b)(6). Significantly, the petitioner has failed to demonstrate that his actual innocence claim is meritorious. His Rule 60(b) motion does not present any new evidence supporting his innocence, but rather re-states an argument previously asserted in his original habeas petitions. Namely, petitioner argues that because he was not charged with engaging in any felony relating to the death of the victim, the jury could not have convicted him of second-degree murder. (See Doc. 38 at 13). Petitioner has not produced any "new evidence" showing "it is more likely than not that no reasonable juror would have convicted [the petitioner]" as required to demonstrate a gateway claim of actual innocence

10

through which he can litigate his otherwise time-barred habeas claims. *See Schlup*, 514 U.S. at 329.

However, out of an abundance of caution, the court will inquire into the merits of petitioner's underlying actual innocence claim as the district court did not reach the merits of the claim upon dismissing his original habeas filings. Having reviewed the relevant documents and filings, we observe that the record is not suggestive of petitioner's actual innocence. The Dauphin County Court of Common Pleas, upon denying petitioner's motion for new trial, indicated that the theft of the victim's property and the petitioner's subsequent sale of victim's property were undisputed at trial. (Doc. 7-5 at 24). Upon review, the same court found that the jury was properly instructed on the elements of second-degree murder and the relevant burdens of proof at trial. (Doc. 7-2 at 30). Without further facts in support of petitioner's position, his underlying actual innocence claim is of dubious (more precisely, no) merit.[4] *See Reeves*, 897 F.3d at 160 (3d Cir.

---

[4] The court observes that the petitioner's original habeas petitions also asserted a claim of ineffective assistance of counsel. (Doc. 1). As the petitioner does not argue or otherwise allude to ineffective assistance of counsel in his Rule 60(b)(6) motion, we refrain from considering such a claim for the purpose of reviewing the instant motion.

11

2018) ("In this context, actual innocence refers to factual innocence…") (citations omitted).

Moreover, principles of finality and comity also weigh against finding extraordinary circumstances here. As the petitioner was convicted over 30 years ago, considerations of finality and repose, which strengthen over time, weigh against granting petitioner relief. Cox v. Horn, No. 00-5188, 2018 WL 4094963 (E.D.Pa. Aug. 28, 2018) (finding principles of finality and comity weigh against granting petitioner 60(b)(6) relief as petitioner was convicted 25 years ago).[5]

Given petitioner's defaulted actual innocence claim lacks merit and the principles of finality and comity weigh against granting petitioner Rule 60(b)(6) relief, we do not find that the present circumstances justify ordering Rule 60(b)(6) relief. *Compare* Cox v. Horn, 2018 WL, at *16 (denying Rule 60(b)(6) relief despite petitioner's death sentence and diligence in pursuing

---

[5] Further, the petitioner filed his instant motion in July 2021, over eight years after the Supreme Court's *McQuiggin* ruling. Because he has had years to raise his present arguments but did not do so, his motion was not made within a reasonable time. *See* McGinnis v. Shannon, No. 2:05-cv-659, 2020 WL 590111 (W.D.Pa. Jan, 14, 2020) (finding petitioner did not file Rule 60(b)(6) motion within reasonable time where he could have asserted his claims about 14 years prior), *adopted by* No. 2:05-cv-0659, 2020 WL 588906 (W.D.Pa. Feb. 6, 2020).

12

his defaulted claims, as considerations of the merit of petitioner's underlying claim and the principle of finality weighed against granting relief).

IV. Conclusion

For the above reasons, the petitioner's Motion to Alter or Amend Judgement in Accordance with Rule 60(b)(6), (Doc. 38), is **DENIED**. Since the court denies the petitioner's Rule 60(b) motion, his request for an evidentiary hearing is **DENIED AS MOOT**. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 21, 2022**
07-00412-01